## Tatham *versus* Ramey.

1. The Act of 10th May 1871, permitting amendments in the form of actions, does not authorize the substitution of an entirely new and different form of action.

2. R., the widow of one who died seised of a farm, and intestate, leaving seven children, brought an action of dower against T., who had purchased two-sevenths of the farm, subject to the widow's dower, and retained one-third of the purchase-money to secure himself against it. The writ was served upon T.'s tenants on the farm, and T. appeared to the action by counsel. Afterwards the form of action was changed by the plaintiff to debt, and a declaration in debt filed. *Held* (reversing the court below), that the change introduced a new cause of action and was not within the intention of the Act of 10th May 1871.

3. The widow of one who died seised of land and intestate has her remedy in the Orphans' Court, and not in a court of law by action of dower.

May 17th 1876. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ. WILLIAMS, J., absent.

[Tatham v. Ramey.]

Error to the Court of Common Pleas of *Blair county*: Of May Term, 1876. No. 6.

This action was begun as an action of dower at common law, by "Elizabeth Ramey, widow of Jacob Ramey, deceased, now intermarried with Joseph S. P. Harris," against George M. Tatham; the *narr.* contained counts for dower in five messuages. The writ was served on the tenants of the defendant, who occupied a certain tract of land of which Jacob Ramey had died seised, of an undivided two-sevenths of which the defendant had become the owner after Ramey's death. After an appearance was entered for the defendant, the plaintiff obtained leave to amend the declaration, and sometime afterwards filed a declaration in debt, and procured a plea to be entered by the prothonotary for the defendant, under the rules of court, of "never indebted;" whereupon the defendant's counsel moved the court to strike off the plea and permit him to withdraw his appearance, on the ground that the appearance for the defendant, who resided in Philadelphia, had been obtained by a service in a local action on his tenant. The plea was stricken off, but the withdrawal of the appearance was refused. The defendant then demurred to the declaration, and assigned the following grounds of demurrer:

1. "The declaration is in debt, while the action is in dower.

2. "There was no permission to change the form of action from dower to debt; nor could such permission be granted whereby an appearance of a defendant residing out of the county could be secured in a real action and he afterwards be proceeded against by a change of the action to a personal one.

3. "The said declaration declares no promise to the plaintiff, nor any facts from which a liability to the plaintiff can be declared."

Judgment was entered on the demurrer for the plaintiff; the defendant then pleaded "never indebted," and "payment with leave," &c.

At the trial, and before the jury was sworn, the plaintiff obtained leave to amend the record so as to read: "And now, February 5th 1873, plaintiff has leave to amend, upon payment of costs to date, to change the forms of action from dower to debt, and file declaration accordingly."

It appeared from the evidence that Jacob Ramey died, intestate, in 1855, seised of a tract of land in Blair county, leaving a widow, the plaintiff, and nine children, two of whom died soon afterwards, intestate and without issue. In 1864, two of Ramey's children, Anna and Susan, the latter then the wife of William M. Eicholtz, conveyed their undivided two-sevenths of this tract to Tatham, the defendant, for $4539.75, "subject, however, to the dower of Mrs. Elizabeth Ramey, widow of Jacob Ramey, deceased." Tatham paid two-thirds of the purchase-money, and retained one-third of it on account of the widow's dower, which remained in his hands at the time of the trial.

[Tatham *v.* Ramey.]

Evidence was given in. behalf of the plaintiff tending to show that Mrs. Ramey had taken part in the sale to Tatham, in order to prove a contract between them for the payment of interest upon the one-third of the purchase-money to Mrs. Ramey during her lifetime. There was also some evidence to show that Mrs. Ramey, up to the time of bringing the suit, had demanded, but never received, from Tatham, interest on this amount. The defendant denied that there had been any contract between himself and the plaintiff by which he was to pay Mrs. Ramey interest on the part of the purchase-money retained by him, but testified that the understanding between them had been, that Mrs. Ramey was to be paid out of the rent of the farm, and that he had always been willing to pay her her share, and had so instructed his agents. It appeared that the agreement for the sale of the two-sevenths of the farm had been in writing, but neither party produced a copy of the writing at the trial.

The defendant presented the following points, among others :—

1. " The plaintiff having issued a writ of dower, cannot recover from the defendant, having changed the cause of action and the form thereof."

3. " There having been no contract in writing, signed by the plaintiff, for the sale of her interest in the two-sevenths of the tract conveyed by Anna M. Ramey and Mrs. Eicholtz to the defendant, the verdict must be for the defendant."

The court refused both points, and left it to the jury to determine whether Tatham had agreed to pay Mrs. Ramey any, and what annual amount in consideration of her interest in the land.

After a verdict for the plaintiff and judgment thereon, the defendant took this writ of error, and assigned for error, that the court erred (1) in refusing leave to the defendant to withdraw his appearance ; (2) in entering judgment on the defendant's demurrer for the plaintiff ; (3) in permitting the record to be amended at the trial, as above shown ; (7) in not affirming the defendant's first point ; and (9) in not affirming defendant's third point.

*S. S. Blair*, for plaintiff in error.—The Act of 10th May 1871, under which the amendment was made, extends the power of amendment to the *form* of action only ; a change in the *cause* of action has never been tolerated. The rule is, that so long as the substantive cause of action remains the same, the mode of stating it may be varied by amendment : Cassell *v.* Cooke, 8 S. & R. 268 ; Newlin *v.* Palmer, 11 Id. 98 ; Root *v.* O'Neil, 12 Harris 326 ; Smith *v.* Bellows, 27 P. F. Smith 441. In dower the thing claimed is land, with damages for its detention ; in debt the claim is for a fixed sum of money. The one action is local, the other transitory. If this change be allowed, then ejectment can be changed to case for slander, and a citizen of Philadelphia, who appears to a writ of

[Tatham v. Ramey.]

ejectment served on his tenants at Erie, must stay in court to answer any claim the plaintiffs may choose to set up against him. The right which every man has of being impleaded in the courts of his own district has always been greatly valued, and it is not to be supposed that the legislature would do such violence to the spirit of the people without a very clear expression of that intent.

The declaration in debt discloses no right of action. The widow's interest is real estate : Thomas v. Simpson, 3 Barr 70 ; Shaupe v. Shaupe, 12 S. & R. 12 ; Miller v. Leidig, 3 W. & S. 458. The heirs and a stranger cannot fix the price of it for her. She can resort to the Orphans' Court to ascertain her interest : Gourley v. Kinley, 16 P. F. Smith 270. If there was an executory contract to sell her interest to Tatham, and he refused to take it, Mrs. Ramey would be entitled only to damages for breach of the contract and not to the contract price : Bowser v. Cessna, 12 P. F. Smith 148.

*D. J. Neff* and *F. Jaekel*, for defendant in error.—The request of the defendant to withdraw his appearance was an appeal to the discretion of the court. The cause of action was substantially the same. The amendment introduced no new cause of action. The action of dower was brought to recover a specific piece of land or its equivalent in money. Amendments which tend to advance the cause of justice should be liberally allowed : Trego v. Lewis, 8 P. F. Smith 463 ; Knapp v. Hartung, 23 Id. 294 ; Smith v. Bellows, 27 Id. 441.

The duty on Tatham's part to pay Mrs. Ramey became personal, as a fund was provided for that purpose. Accepting the deed expressly subject to dower was an assumption by the vendee to pay it ; one-third of the price set apart fixes the amount of it, and it would be a fraud in the purchaser to retain the money and refuse to pay the dower : Woodward's Appeal, 2 Wright 327 ; Keim v. Robeson, 11 Harris 459.

Mr. Justice SHARSWOOD delivered the opinion of the court, May 29th 1876.

It certainly was not the meaning of the legislature, in passing the Act of May 10th 1871, Pamph. L. 265, permitting an amendment or change in the form of an action, to authorize an entirely new and different cause of action to be substituted. The words of the act, " If the same shall be necessary for a proper decision of the cause upon its merits," plainly evince this, and it is the principle which runs through all our acts for amendment and the decisions which have been had upon them. The courts have construed these acts with the greatest liberality, but never to the extent of allowing a different cause of action to be introduced. It would lead to very great injustice to defendants if this could be done, of which the case presented on this record is an illustration. The plaintiff below

[Tatham *v.* Ramey.]

sued out a writ of dower against the defendant. It was served on the tenants of the land, and the landlord or owner in fee simple, residing in a distant county, appeared by his attorney. It was proper that he should do so, if he had any defence against the claim of the demandant. Dower is a real and local action, and cannot be brought except in the county where the land lies: Act of 13th June 1836, Pamph. L. 587. The demandant was allowed to change the form of action from dower to debt, which is a personal and transitory action, and to file an amended declaration grounded upon a contract of the defendant to pay the plaintiff a sum of money as interest. Yet the attorney for the defendant— who had never been served and was not within the jurisdiction of the court—was not allowed to withdraw the appearance which he had entered to the writ of dower. Thus, upon the same principle as that adopted and carried out by the learned judge below, a man, by commencing an action of ejectment, and by a service on the tenant securing the appearance of the landlord, may then change the form to assumpsit, and recover upon any contract relating to the same land; for it can hardly be pretended that he could introduce a cause of action not connected in some way with the same subject-matter. If one sues to recover the possession of land, that is a different cause of action from a claim for rent on a lease. The demandant had no right to maintain her action of dower, on her own showing, for the court had no jurisdiction of it. As her husband had died seised and intestate, her remedy was in the Orphans' Court; or if the defendant had become personally bound to pay her interest upon her thirds as valued by agreement, she must pursue him by personal action, in the proper forum, for the arrears.

Judgment reversed.