J. W. HODGE, JOHN W. HUNTER, HAYWOOD HUNTER, THOMAS COLEMAN, AND YOUNG COLEMAN, PLAINTIFFS IN ERROR, *v.* JOHN A. WILLIAMS.

A writ of error cannot be amended in this court.

Therefore, where the party who was really the plaintiff in error, and sought to reverse the judgment, was made the defendant, and the party in whose favor the judgment in the court below was rendered was made plaintiff in error in the writ, it cannot be amended in this court, but must be dismissed.

THIS case was brought up by writ of error from the District Court of the United States for the eastern district of Texas.

*Mr. Hughes*, of counsel for John A. Williams, suggested that the judgment of the said District Court was in fact against his client; and that, after said judgment, the said Williams filed his assignment of errors, and applied for a writ of error; and that by a clerical mistake the said Williams was made defendant in error, and J. W. Hodge, John W. Hunter, Haywood Hunter, Thomas Coleman, and Young Coleman, plaintiffs in error.

*Mr. Hughes* then moved the court to amend the said writ of error, or that the said writ of error, by reason of said clerical mistake, be dismissed for want of jurisdiction.

Mr. Chief Justice TANEY delivered the opinion of the court.

It appears, from the record in this case, that an action was brought in the Circuit Court of the United States for the eastern district of Texas, by John A. Williams, against Hodge and the other defendants named in the proceedings, and at the trial, the judgment was against the plaintiff.

The writ of error removing the case to this court is in the name of the defendants who succeeded in the court below.

and do not desire to disturb the judgment; and the plaintiff in that court, who alleges error in the judgment, and seeks to reverse it, is made the defendant in the writ of error.

It is evident that the writ was intended to be sued out by the plaintiff in the court below, and that the names of the defendants, as plaintiffs in the writ, were used without their authority; for the errors are assigned by the plaintiff, and the bond states that a writ of error has been sued out by him, and the citation issued by the judge is directed to the defendants, and served on their counsel. And it is obvious that the writ in the name of the defendants was an oversight of the clerk by whom it was issued.

But the amendment proposed cannot be made here. An amendment presupposes jurisdiction of the case. And this court have no appellate power over the judgment of the court below, unless the judgment is brought here according to the act of Congress—that is, by writ of error; and that writ, from its nature and character, must be sued out by the party who alleges error in the judgment of the inferior court. This writ is not mere matter of form, but matter of substance, prescribed by law, and essential to the jurisdiction of this court. And if it were amended here, by making the plaintiffs in error defendants, and the defendant in error the plaintiff, it would be a new writ made here, and not the one issued by the officer appointed by law.

Upon this principle, the court have uniformly refused to amend writs of error; and this must now be regarded as the settled practice of the court. It has repeatedly refused to amend, where the partnership name of a firm was used instead of the proper names of the parties; and in like manner it has refused to amend where the name of one or more of the parties were given, and the rest designated as *others* joined with them, without setting out the names of those intended to be included as *others.*

But the precise point now before us was decided in the case of Hines *v.* Papin, at December term, 1857. The same error was committed in that case which had been committed in this; and the error was equally apparent, as in the present instance,

from the recital in the bond and the citation and service. The case was, indeed, even stronger for the amendment than this, for counsel appeared in this court for each of the parties, and offered to amend by consent. Yet the court refused to amend, upor. the ground that consent of parties would not give jurisdiction, where it was not given by law and legal process. But here there is no appearance for the parties who are named as plaintiffs in the writ of error; and if we order the amendment, we should make them defendants in a suit in which they are not bound to appear in that character. It is the duty of the party who desires to bring a case before this court, to see that proper and legal process is sued out for that purpose; and if he fails to do so, he has no right to treat the defect as a mere clerical error, for which he is not to be held responsible.

The opinion in the case of Hines *v.* Papin, above referred to, was delivered orally, and not reduced to writing, and consequently, does not appear in the printed reports. The court have therefore deemed it advisable to state now the practice and doctrine of the court in this respect, in order that suitors may be aware of the necessity of paying proper attention to the process they issue, and not subject themselves to costs and delay by errors which a clerk, in the hurry and pressure of other business, will unavoidably sometimes commit.

The writ of error must therefore, upon the motion before the court, be dismissed, as it cannot be amended.