**WILLING v. PROVIDENT TRUST CO. et al.**

No. 19462.

District Court, E. D. Pennsylvania.

Oct. 26, 1937.

Thomas J. Minnick, Jr., of Philadelphia, Pa., for plaintiff.

John B. Gest, of Philadelphia, Pa., for defendant.

Alexander Conn, of Philadelphia, Pa., for additional defendants.

MARIS, District Judge.

This is a suit by the receiver of an insolvent national bank against a stockholder to recover a stock assessment levied by the Comptroller of the Currency. The original defendant caused a writ of scire facias to be issued bringing in John L. J. Belzer and others, formerly trading as Belzer & Co., as additional defendants, the scire facias alleging that they were liable over to the original defendant by reason of the fact that the stock on which the suit for assessment was brought was sold by the original defendant to them on or about February 18, 1933. It is averred in the statement of claim that the bank suspended payment on February 28, 1933.

The original defendant and the additional defendants are all residents of the State of Pennsylvania, and the amount involved is only $1,500. Furthermore, the cause of action set up in the scire facias is of a kind different from that averred in the statement of claim. It is, therefore, clear that this court has no jurisdiction of the controversy disclosed in the scire facias, which arises from the alleged liability of the additional defendants to the original defendant. See the opinion of this court in Willing v. The Pennsylvania Company, 21 F.Supp. 233, filed September 10, 1937. Realizing this, the original defendant secured the rule now under consideration to show cause why the writ of scire facias should not be amended to aver that, in the event of their being any liability on the part of the original defendant, the additional defendants are severally liable with said original defendant for the cause of action declared on for the whole amount which might be recovered against the original defendant.

Such an averment would doubtless give this court jurisdiction, since it would show a cause of action between the plaintiff, an officer of the United States, and the additional defendants. This cause of action would arise from the quasi-contractual obligation imposed by the act of Congress upon the stockholders of national banks (12 U.S.C.A. § 63 et seq.)—the same obligation which the plaintiff in this suit is seeking to enforce against the original defendant. This, however, would be an entirely different cause of action from that now disclosed by the scire facias, which alleges that the additional defendants are liable over to the original defendant by reason of the sale of the stock to them. As this court pointed out in Willing v. Pennsylvania Company, supra, this cause of action is between the original defendant and the additional defendants and arises out of the common-law right of the transferor to indemnification from the transferee. It is not imposed by statute as an incident of ownership, but is implied from the act of purchase and runs, not to the creditors of the bank, but to the stockholder's immediate vendor.

It will thus be observed that what the original defendant is seeking to do is to substitute for the cause of action averred in the scire facias a different cause of action of which this court would have jurisdiction. Since the writ of scire facias is its pleading, what it in reality is asking for is leave to amend its pleading so as to aver therein a cause of action of which this court will have jurisdiction. This, however, it may not do for two reasons which we shall briefly state.

In the first place, it has long been settled under the law of Pennsylvania, which we must follow under the Conformity Act (28 U.S.C.A. § 724), that a pleading may not be amended to set up a new cause of action. Ebersoll v. Krug, 5 Bin. (Pa.) 51; Root v. O'Neil, 24 Pa. 326; Tatham v. Ramey, 82 Pa. 130.

In the second place, since it appears, as we have seen, that this court is without jurisdiction to entertain the cause of action involved in the original scire facias, it follows that the court has no power to allow an amendment conferring jurisdiction, since that in itself would be an exercise of jurisdiction. Holton v. Holton, 64 Or. 290, 129 P. 532, 48 L.R.A.(N.S.) 779.

Rule discharged.