**MORESCHI, General President of International Hod Carriers', Building and Common Laborers Union of America, et al. v. MOSTELLER et al.**

No. 362.

District Court, W. D. Pennsylvania.
June 16, 1939.

614

, John R. Frankel and Ben Paul Jubelirer, both of Pittsburgh, Pa., for complainants.

C. B. Nixon, of Pittsburgh, Pa., and Frank S. Lucente and. Frank A. Orban, Jr., both of Somerset, Pa., ·for defendants.

SCHOONMAKER, District Judge.

Joseph V. Moreschi, a citizen of Massachusetts, and General President of the International Hod Carriers', Building and Common Laborers Union of America, an unincorporated association, for himself and in behalf of the individual and collective members, officers, and constituted local unions thereof, sue the partnership known as the County Construction Company, the Somerset County Independent Construction Workers Association, and the Pennsylvania Construction Workers Association, both Pennsylvania corporations, for specific performance of a contract dated April 14, 1939, between the County Construction Company and the International Hod Carriers', Building and Common Laborers Union of America, whereby the County Construction Company agreed to employ òn their construction work, no laborers but those who are members of said Union, and fixed the rate of pay, hours of work, and conditions of the employment.

The complaint charges that the County Construction Company has failed to carry out this contract, and that the defendants, their members, agents, aiders, and associates, by force and violence, ejected plaintiffs' members from the jobs of the County Construction Company in Somerset County, Pennsylvania, and prevented them from working on such jobs, as well as other jobs of a similar nature in Somerset County. As relief, plaintiff asks specific performance of this contract and an injunction to restrain defendants from preventing the Union to furnish labor, as required by the contract.

The defendant County Construction Company has answered the bill, admitting the contract with the plaintiffs' Union, but denying any riotous or tortious conduct on its part; but admitting that conduct alleged in the bill had rendered the contract set out in the complaint useless, and if persisted in, such conduct will render the contract void and valueless; and that plaintiffs' Union will not be able to work thereunder. This defendant avers it is working on a highway contract made with the Pennsylvania Turnpike Commission, and by the terms of the contract it is provided that preference in employment of workmen be given to persons from the public-relief rolls; and that if the Construction Company wishes to employ union workers, they should be gotten from the local unions, but if not so furnished, workers are to be chosen from list of qualified workers submitted by local agencies designated by the United States Employment Service. This defendant further avers that in the course of the execution of the contract, disturbances arose between members of plaintiffs' Union, and non-union and unorganized laborers as described in the complaint; that this defendant did not participate therein, and is innocent of any unlawful act or breach of the contract; that such acts of violence were injurious to the interests of this defendant in the orderly prosecution of the public work; that by reason of these disorders, this defendant was temporarily unable to employ the necessary labor for the execution of the contract, and plaintiffs' Union was unable to supply that labor; and that by reason of such exigency the County Construction Company went into the open market and employed the necessary workers for the prosecution of the work.

The other defendants have filed a motion to dismiss under Rule 12(b) of the Federal Rules. of Civil Procedure, 28 U.S. C.A. following section 723c, and have assigned as. reasons therefor:

(1) That this court has no jurisdiction, because:

(a) Plaintiffs merely allege damage in excess of $3,000, and there are no sufficient averments in the complaint that the amount in controversy is in excess of $3000, exclusive of interest and costs.

(b) The acts complained of are crimes of which this court would have no jurisdiction to try the defendants without a jury.

(c) The acts complained of are criminal, and this court will not enjoin the commission of crimes.

(d) The complaint alleges facts which set forth a labor dispute within the purview of the Act of Congress of March 23, 1932, (29 U.S.C.A. § 101 et seq.).

(e) No facts are alleged which bring this within this Act of Congress.

(f) The complaint set forth a labor dispute which is within the purview of the National Labor Relations Act, 29 U.S.C.A. § 151 et seq., and the Pennsylvania Labor Relations Act of June 1, 1937, P.L. 1168, 43 P.S.Pa. § 211.1 et seq., which gives the respective Labor Relations Board exclusive jurisdiction of such controversies.

(2) There is no diversity of citizenship alleged in the complaint.

(3) The complaint should be dismissed by reason of scandalous matter alleged in Paragraphs 13, 14, 15, 16, and 17 of the complaint under Rule 11 of the Federal Rules of Civil Procedure.

(4) There is a similar suit pending in the Court of Common Pleas of Somerset County, Pennsylvania, brought by plaintiff against defendants as proposed corporations and their incorporators, in which that court denied plaintiffs a preliminary injunction.

(5) By reason of laches on the part of plaintiff there is no emergency which requires a preliminary injunction.

(6) The complaint fails to state a cause of action against defendants by reason of the fact that all of the acts complained of were committed prior to the incorporation of defendants.

The case was heard on plaintiffs' motion for a preliminary injunction to restrain defendants from interfering with the plaintiffs in furnishing laborers under their contract with the County Construction Company, and from molesting or interfering with the workers so furnished, and also on the motion of the Somerset County Independent Construction Workers Association and the Pennsylvania Independent Construction Workers Association to dismiss for lack of jurisdiction.

At the hearing of these motions, there was offered in evidence a certified copy of docket entries of a case filed May 15, 1939, at No. 1 September Term, 1939, Equity Docket, in which the International Hod Carriers', Building and Common Laborers Union of America, Local Union No. 508, and the International Hod Carriers', Building and Common Laborers Union of America are the plaintiffs and the Somerset County Independents, an unincorporated association, with its officers; the Somerset County Construction Workers Association, a proposed corporation, its incorporators and directors; and the Pennsylvania Independent Workers Association, a proposed corporation, its incorporators and directors; and certain other persons named as agents, aiders and abettors, are named as defendants. In this case, the plaintiffs are seeking the same injunctive relief as the plaintiffs are asking in the instant case. The County Construction Company is not made a party to that suit. The docket entries do not show any relief granted, but it was orally stated by counsel that the Court of Common Pleas of Somerset County refused plaintiffs' motion for a preliminary injunction.

The complaint in the instant case was filed in this court on June 1, 1939.

The instant case presents two separable controversies: (1) Involving plaintiffs' prayer for specific performance of their contract with the County Construction Company; and (2) Involving plaintiffs' prayer for injunction against defendant-corporations to restrain them from interfering with plaintiffs in the performance of the contract of the Union to supply Union workers for the County Construction Company.

At the argument of the action to dismiss, these defendants pressed the following objections: (1) Lack of jurisdiction, because there is no diversity of citizenship alleged; (2) No averment that the amount in controversy exceeds $3,000, exclusive of interest and costs; and (3) the complaint shows that the case involves and grows out of a labor dispute and therefore this court is without jurisdiction to grant an injunction in the absence of any averments in the complaint averring com-

pliance with statutory requirements which are the necessary prerequisites to this issuance of a court injunction.

The first point raises the question as to whether or not the diversity of citizenship in the instant case can be predicated on the fact that the suit is entitled: "Joseph v. Moreschi, General President of the International Hod Carriers', Building and Common Laborers Union of America, an unincorporated association, for himself and on behalf of the individual and collective members, officers, and constituent local unions thereof, complainant v. W. R. Mosteller, et al., defendants," when Moreschi is a citizen of Massachusetts; and the defendants are citizens of Pennsylvania. In the body of the complaint, however, it is stated:

"The International Hod Carriers', Building and Common Laborers Union of America, the Complainants herein, respectfully complain and say:

"First: The plaintiff, International Hod Carriers', Building and Common Laborers Union of America, is an unincorporated association existing and operating throughout the United States of America with its executive offices located at #25 School Street, Quincy, Massachusetts; is an organization with jurisdiction over all skilled, unskilled and semi-skilled workers in the heavy construction industry and consists of local unions of skilled, unskilled and semi-skilled workers acknowledging its jurisdiction and subject to its constitution, laws and usages.

"Second: The International Hod Carriers', Building and Common Laborers' Union of America, local No. 508 is a lawfully organized existing and operating labor organization of skilled, unskilled and semi-skilled workers in the heavy construction industry and an affiliate of the American Federation of Labor, and a constituent and part and a local union of the International Hod Carriers', Building and Common Laborers' Union of America, which is organized, exists, and operates by its officers, members, constituent and local unions throughout the United States, and particularly in western Pennsylvania and the County of Somerset, in which said district this Honorable Court has and exercises its powers and lawful jurisdiction.

"Third: Joseph V. Moreschi is the general president of the International Hod Carriers', Building and Common Laborers' Union of America, and resides in Boston, Massachusetts, and is a citizen of the Commonwealth of Massachusetts."

That being so, it is contended that the plaintiff is an unincorporated association, and that there is no showing that all of its members are not residents of this District, and therefore there is no diversity of citizenship, because it is held that where jurisdiction is based in diversity of citizenship, it must appear that the citizenship of the individual members of an unincorporated association named as party to the suit was diverse from that of the opposing party. Levering & Garrigues v. Morrin, 2 Cir., 61 F.2d 115; Rosendale v. Phillips, 2 Cir., 87 F.2d 454; Russell v. Central Labor Union, D.C., 1 F.2d 412; The American Federation of Labor v. Aluminum Workers Union, 19 F.Supp. 87, this court.

However, on the date of the hearing of the motion to dismiss, plaintiff filed the following amendment to the complaint:

"Third: Joseph V. Moreschi is the general president of the International Hod Carriers', Building and Common Laborers' Union of America, and resides in Boston, Massachusetts, and is a citizen of the Commonwealth of Massachusetts. That as General President of said International Union has vested in him the right to make and enforce contracts and to enter into and bring suits to prosecute and enforce them in behalf and in the interest of said International Hod Carriers', Building and Common Laborers' International Union; further that said International Hod Carriers', Building and Common Laborers' International Union has a membership in excess of 250,000 resident in all of the forty-eight states of the Union, the District of Columbia and the Dominion of Canada; that the said members are so numerous as to make it impracticable to bring them all before the court; and finally that all of the members of the said Hod Carriers', Building and Common Laborers' International Union have a joint and common interest."

The plaintiff contends that this is a class suit sustainable under Rule 23(a) of the Federal Rules of Civil Procedure, which provides:

"Rule 23. Class Actions

"(a) Representation. If persons constituting a class are so numerous as to make it impracticable to bring them all before the court, such of them, one or more, as will fairly insure the adequate representa-

tion of all may, on behalf of all, sue or be sued, when the character of the right sought to be enforced * * * is

"(1) joint, or common *´* *."

■ We agree that a class suit might be sustainable in the instant case, if there were proper allegations in the complaint to bring the case within the rule; but there are not. On the contrary, the complaint says that the complainants are the "International Hod Carriers', Building and Common Laborers' Union." And the first paragraph of the complaint says: "First: The plaintiff, International Hod Carriers', Building and Common Laborers' Union of America is * * *." As this is a matter that would be the proper subject of amendment, we would allow the plaintiff to amend, if desired.

■ In a class suit, if there is diversity of citizenship between the parties on the record, a Federal District Court would have jurisdiction. See Supreme Tribe of Ben-Hur v. Cauble, 255 U.S. 356, 366, 41 S.Ct. 338, 65 L.Ed. 673; Smith v. Swormstedt, 16 How. 288, 57 U.S. 288, 14 L.Ed. 942.

On this branch of the case, we conclude that unless the complaint is amended to show that Moreschi is the plaintiff and brings this suit as a representative of a class so numerous as to make it impracticable to bring them all before the court, and that suit by Moreschi will fairly insure the adequate representation of all, and that the right sought to be enforced is joint or common to all, we shall have to dismiss for want of diversity of citizenship.

■ As to the second question raised as to the averment of the amount in controversy, the allegation in the complaint is not adequate; but that, too, is subject to amendment; and the complaint ought not to be dismissed on that ground, if plaintiff desires to amend in that particular.

The third question raised is whether or not this case involves a labor dispute of such character as to require compliance with the Labor Relations Acts either of Pennsylvania or the United States as a necessary prerequisite to court action upon the controversy.

■ As the jurisdiction of this court depends entirely on diversity of citizenship and the amount in controversy, we have a case where the acts complained of occurred in Pennsylvania. Therefore, we have a case where the law of Pennsylvania governs the substantive rights of the parties, and where the power of this court to grant the relief prayed for depends upon the jurisdiction conferred upon it by the statutes of the United States. See Lauf v. E. G. Shinner & Co., 303 U.S. 323, 325, 58 S.Ct. 578, 82 L.Ed. 872.

■ The complaint discloses that the County Construction Company entered into a written contract to employ none but members of the International Hod Carriers', Building and Common Laborers' Union of America in the execution of the Construction Company's contract for the completion of a section of a Pennsylvania highway, known as the PWA Project Docket No. Pa.–1949F, Pennsylvania Turnpike Section 8 C and 9 A; that said Construction Company has violated its contract and has entered into agreements with defendant corporations for the employment of its members as laborers on said PWA project, and have conspired with the officers and members of defendant corporations to eject members of plaintiff's Union from said project and to interfere with their working thereon.

In our view, these facts disclose a "labor dispute" within the meaning of the Pennsylvania Labor Relations Act of June 1, 1937, P.L. 1168, Sec. 3 (h), 43 P.S.Pa. § 211.3(h), which reads as follows: "Sec. 3 [§ 211.3.] (h) The term 'labor dispute' includes any controversy concerning—(1) terms, tenure or conditions of employment; or concerning (2) the association or representation of persons in negotiating, fixing, maintaining, changing or seeking to arrange terms or conditions of employment, regardless of whether the disputants stand in the proximate relation of employer and employe."

Therefore it is plain that this labor dispute should have been taken to the Pennsylvania Labor Relations Board by proper complaint under that Act.

The Pennsylvania Labor Relations Act has not been construed by the Supreme Court of Pennsylvania; but the Court of Common Pleas of Philadelphia County, in Bulkin v. Sacks, 31 Pa. Dist. & Co. R. 501 (Flood and Levinthal J. J.), in consideration of an action brought by a labor union to enjoin an employer from violating the terms of a contract with the union which required the employer to employ no laborers but those who were members of the union, held that by the terms of the Pennsylvania Labor Anti-Injunction Act of

June 2, 1937, P.L. 1198, Sec. 11, 43 P.S. §§ 206a, 206k, no injunction can be granted in a labor dispute to any complainant "who has failed to make every reasonable effort to settle such dispute, either by negotiation, or with the aid of any available governmental machinery of mediation, or voluntary arbitration." In that case, the judges delivering the opinion of the court, said, 31 Pa. Dist. & Co. R. at page 504:

"A reading of these statutes indicates that the public policy is not merely to protect labor against the issuance of injunctions and to compel or protect collective bargaining, but also to relieve the courts from the necessity of passing upon or even considering these cases until all other methods of settling them have failed. There is a very definite policy of keeping labor disputes out of the courts. In this connection it is interesting to recall the statement of the present Chief Justice in Kirmse et al. v. Adler et al., 1933, 311 Pa. 78, 83 [166 A. 566].

" 'The question(s) arising from labor disputes have many times been before the courts for solution, but because the matter involves so many intricate details of economic and social life, with the fundamental rights inherent in both contesting parties at stake, it is obvious that these tribunals should not be the ones to decide them.'

"The policy should, in fairness, apply just as well when the employe or the union is the complainant as when the employer is the complainant. And the language of the act makes it clear that it does. So construed, the act is constitutional. See our recent discussion of the constitutionality of the act in Lipoff v. United Food Workers Industrial Union, Local No. 107, et al., XCVIII L. I. 315 (1938)."

Federal courts, in construing the National Labor Relations Act, which is similar in its provisions to those of the Pennsylvania Act, express the same view. In Blankenship v. Kurfman, 7 Cir., 96 F.2d 450, 454, Circuit Judge Treanor said: "The general purpose of the National Labor Relations Act is to provide methods of preventing or eliminating certain 'unfair practices' which have heretofore characterized the relation of employer and employee, and which have obstructed, or tended to obstruct, the free flow of commerce. The act creates certain rights and duties as between employer and employee and provides the procedure necessary to give effect thereto. It seems clear that the only rights which are made enforceable by the act are those which have been determined by the National Labor Relations Board to exist under the facts of each case; and when these rights have been determined, the method of enforcing them which is provided by the Act itself must be followed. And we find no provision in the act which can be construed as intending to create rights for employees which can be enforced in federal courts independently of action by the National Labor Relations Board."

█ If a Pennsylvania court could not take jurisdiction of a suit by a union against an employer until all other methods of settling a labor dispute in the manner prescribed by statute have been exhausted, certainly this court would have no greater power to do so. See Lauf v. E. G. Shinner & Co., 303 U.S. 323, 325, 58 S.Ct. 578, 82 L.Ed. 872.

█ We cannot see that this situation can be cured by amendment. Certainly plaintiff could not now show compliance with the Pennsylvania Labor Relations Act after this suit was brought, and then go on with the original suit. It follows that the motion of the defendant corporations to dismiss must be granted, and the motion for a preliminary injunction denied.

As to the defendant County Construction Company, the situation as to the preliminary injunction is the same. That company is involved in the labor dispute, and we could not grant a preliminary injunction as to that company any more than we could against the other defendants, because the necessary prerequisites to give this court jurisdiction have not been met either. We therefore will deny plaintiff's motion for a preliminary injunction as to that company.

Orders in accordance with this opinion may be submitted.