### McMICHAEL v. UNITED STATES et al.
#### No. 661.

District Court, N. D. Alabama, N. D.
Nov. 15, 1945.

George E. Barnett (of Bradshaw & Barnett), all of Florence, Ala., for plaintiff.

Jim C. Smith, U. S. Atty., and W. R. Bradford, Asst. U. S. Atty., both of Birmingham, Ala., for the United States.

Wm. C. Fitts, Jr., Gen. Counsel, and Charles J. McCarthy, Asst. Gen. Counsel, both of Knoxville, Tenn., and Patrick B. Harris, Atty., of Tuscumbia, Ala., for Tennessee Valley Authority.

MULLINS, District Judge.

The plaintiff sued the United States and the Tennessee Valley Authority, claiming that they had taken or flooded his property in connection with the erection and maintenance of Pickwick Dam on the Tennessee River. He averred that he was damaged in the sum of $14,000 and sued for that amount. He further averred that the defendants had impliedly promised to pay him for the property alleged to have been taken; that the Tennessee Valley Authority acted under the authority of the Tennessee Valley Act, 16 U.S.C.A. § 831 et seq., in constructing said dam; that neither the Tennessee Valley Authority nor the United States has paid him just compensation for the property taken. It is averred that the suit against the United States is authorized under the Tucker Act, 28 U.S.C.A. § 41(20). The complaint shows that the dam referred to was completed in the spring of the year 1938. This suit was filed in this court on September 9, 1942.

The United States moved to dismiss the action for want of jurisdiction and the Tennessee Valley Authority moved for a dismissal for failure to state a claim and also moved for a summary judgment.

On November 15, 1944, more than two years after filing the original complaint, the plaintiff amended section 15 of his complaint to reduce the amount sued for to $9,500. Subsequent to the filing of the amendment, the United States amended and renewed its motion to dismiss for lack of jurisdiction and moved to strike the cause from the docket, and, in the alternative, to strike the amendment in which the amount sued for was reduced.

On April 18, 1945, the motion of the Tennessee Valley Authority to dismiss for failure to state a claim was granted and the action was dismissed as to said defendant on the authority of Lynn v. United States et al., 5 Cir., 110 F.2d 586, and Yearsley et al. v. W. A. Ross Construction Co., 309 U.S. 18, 60 S.Ct. 413, 84 L.Ed. 554. This suit being under the Tucker Act, the dismissal as to the Tennessee Valley Authority was also required by United States v. Sherwood, 312 U.S. 584, 61 S.Ct. 767, 770, 85 L.Ed. 1058, wherein it is said, "if the relief sought is against others than the United States, the suit as to them must be ignored as beyond the jurisdiction of the court." See also United States v. Jones, 131 U.S. 1, 9 S.Ct. 669, 33 L.Ed. 90.

The matter is now being considered on the motion of the United States to dismiss for lack of jurisdiction.

The Tucker Act constitutes a waiver of governmental immunity to suit and gives the District Court sitting as a legislative court concurrent jurisdiction

600

with the Court of Claims "of all claims not exceeding $10,000" against the United States. United States v. Sherwood, supra. Where permission to sue the United States is granted, it is jurisdictional that the plaintiff comply with all conditions and restrictions that are imposed upon the right to maintain the action. Statutes waiving sovereign immunity from suit are strictly construed. Wyker v. Willingham, D.C., 55 F.Supp. 105; United States v. Sherwood, supra. Congress alone has the right to determine "not only whether the United States may be sued, but in what courts the suit may be brought," State of Minnesota v. United States, 305 U.S. 382, 388, 59 S. Ct. 292, 295, 83 L.Ed. 235, and "even when suits are authorized they must be brought only in designated courts." United States v. Shaw, 309 U.S. 495, 501, 60 S.Ct. 659, 661, 84 L.Ed. 888.

■ In a suit under the Tucker Act, the District Court only has jurisdiction, provided the claim is based upon a moneyed demand, United States v. Jones, 131 U.S. 1, 9 S.Ct. 669, 33 L.Ed. 90, not in excess of $10,000, 28 U.S.C.A. § 41(20); Otis Elevator Co. v. United States, D.C., 18 F.Supp. 87; Franklin v. United States, D.C., 16 F. Supp. 253, affirmed 308 U.S. 516, 60 S.Ct. 170, 84 L.Ed. 439, and the suit "shall have been brought within six years after the right accrued." 28 U.S.C.A. § 41(20); Stubbs v. United States, D.C., 21 F.Supp. 1007; Finn v. United States, 123 U.S. 227, 8 S.Ct. 82, 31 L.Ed. 128.

■ The original complaint in this case was based upon a claim in the amount of $14,000, which was also the amount sued for, and for that reason failed to state a case within the jurisdiction of this court, but, on the other hand, stated one within the jurisdiction of the Court of Claims. Such a complaint is a nullity and is insufficient to invoke jurisdiction. The District Court cannot entertain such a suit but is required to dismiss it. Hammond-Knowlton v. United States, 2 Cir., 121 F.2d 192, certiorari denied 314 U.S. 694, 62 S.Ct. 410, 86 L.Ed. 555; Otis Elevator Co. v. United States, supra; Franklin v. United States, supra.

In the Otis Elevator case [18 F.Supp. 89] the court said: "The District Court has no jurisdiction under the Tucker Act to hear a case against the United States on account stated where the amount involved exceeds $10,000." This case has twice been cited with approval by the Supreme Court.

See United States v. Sherwood, supra; Franklin v. United States, 308 U.S. 516, 60 S.Ct. 170, 84 L.Ed. 439.

■ The plaintiff insists that by amending his complaint to claim only $9,500 that jurisdiction is properly invoked. But this argument overlooks the fact that the original complaint failed to state a case within the jurisdiction of this court and was but a nullity. "An amendment presupposes jurisdiction of the case." Hodge et al. v. Williams, 22 How. 87, 88, 63 U.S. 87, 16 L.Ed. 237. "Where the original pleading fails to disclose a cause of action * * *, it is ordinarily regarded as not amendable." 49 C.J. p. 503.

■ The plaintiff, however, relies on Maty v. Grasselli Chemical Co., 303 U. S. 197, 58 S.Ct. 507, 82 L.Ed. 745, and like decisions, which lay down a liberal rule as to amendments. These decisions are in cases where the pleadings were defective or imperfect, and not in cases where no cause of action was stated or the jurisdiction of the court had not been invoked. The plaintiff also relies upon Rule 15(c) of Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which provides for amendments where the matter asserted arose out of the transaction set forth in the original pleading and further provides that the amendment relate back to the date of the original pleading. The Federal Rules of Civil Procedure do not enlarge the jurisdiction of the federal courts. United States v. Sherwood, supra. Further, it has been held that the Federal Rules of Civil Procedure do not apply to actions under the Tucker Act: "Appellant contends that Rule of Civil Procedure 20, 28 U.S.C.A. following section 723c, authorizes the joinder of a claim against Tennessee Valley Authority with one against the United States under the Tucker Act. We think otherwise. The authority to make rules of procedure and to supersede inconsistent statutes given the Supreme Court by the Act of June 19, 1934, 28 U.S. C.A. §§ 723b, 723c, related only to actions at law and suits in equity. A proceeding under the Tucker Act is neither. In it only claims for money can be adjudicated. * * * The claim for money here asserted is at law rather than in equity, but the proceeding is not an action at law; a jury is not allowed, and is not demandable under the Seventh Amendment. The Tucker Act waives sovereign immunity from suit in court in the classes of claims it specifies,

on procedure and with reservations which it sets out. 28 U.S.C.A. §§ 761, 762, 763, 764. The proceeding is sui generis. It does not fall under the new rules of procedure any further than by sec. 761, supra, it fell under the old ones." Lynn v. United States, 5 Cir., 110 F.2d 586, 588.

 Moreover, the amendment offered here cannot breathe life into the original suit as no cause of action existed at the time the amendment was filed. It is averred that Pickwick Dam was completed in the spring of 1938, and the amendment was not filed until November 15, 1944—more than six years after the plaintiff's right accrued. The Tucker Act provides that "no suit against the Government of the United States shall be allowed under this Act unless the same shall have been brought within six years after the right accrued * * *." It is a condition precedent and jurisdictional that the suit be brought within six years after the right accrues. Where it appears that the suit was not brought within the specified period, it is the duty of the court to dismiss the complaint, although the statute may not have been pleaded. Finn v. United States, supra.

The time within which suit was permitted having expired at the time plaintiff attempted, by his amendment, to reduce the claim to an amount within the court's jurisdiction, the plaintiff had no right or cause of action, and there was nothing to amend.

In Hammond-Knowlton v. United States [121 F.2d 202], supra, which was under the Tucker Act, the amendment was filed more than six years after the right accrued, and the court, after pointing out that this rule might not apply if the suit were against a private party, held that the amendment which reduced the amount of the claim to $10,000 could not be allowed. After commenting upon the decision in Finn v. United States, supra, the court declared: "That decision, since cited with approval, warns us to regard the limitation of amount in the Tucker Act as a condition with which the complaining citizen must rigidly comply, and one upon which the courts, of their own motion, must insist. * * * it is something apparently regarded by the Supreme Court as more serious, i. e., as a failure to comply with a condition of the sovereign's waiving its immunity from suit. * * * 'Where the congressional consent specifies the time within which such actions may be brought, the provision operates as a condition of liability, not merely as a period of limitation.'"

The plaintiff also relies on the cases of W. E. Hedger Co. v. United States, D.C., 42 F.2d 553, and Hill v. United States, C.C.Mass., 40 F. 441. In those cases the plaintiffs remitted any amount in excess of $10,000 at the time the suit was filed. By making these waivers, the complaints in those cases stated claims limited to and within the jurisdictional amount of $10,000. The difference between limiting ab initio the amount of the claim to the maximum amount specified in the statute and suing to recover on a claim in excess of the jurisdictional amount constitutes the difference in invoking the jurisdiction of this court and failing to do so. Congress having spoken, this court has no "right to extend the waiver of sovereign immunity more broadly than has been directed." United States v. Shaw, 309 U.S. 495, 502, 60 S.Ct. 659, 662, 84 L.Ed. 888.

An order will be entered granting the motion of the United States to dismiss this action for lack of jurisdiction.