**HAWKEYE CASUALTY CO. v. ROSE et al.**

No. 5261.

United States District Court
W. D. Missouri, W. D.

Sept. 3, 1948.

Sprinkle & Knowles, of Kansas City, Mo., for plaintiff.

Julian M. Levitt, of Kansas City Mo., for defendant Rose.

B. T. Hurwitz, of Kansas City, Mo., for Schwartz.

REEVES, Chief Judge.

The defendant David Rose has filed his motion to dismiss the complaint upon the alleged ground "that the complaint fails to state a claim against Defendant upon which relief can be granted." This motion conforms to subdivision (6) of paragraph (b), Rule 12, Federal Rules of Civil Procedure, 28 U.S.C.A., which provides for such a motion where the complaint fails "to state a claim upon which relief can be granted."

An examination of the complaint shows substantially the following facts: The movant, David Rose, was the husband of Bell Rose who owned a 1940 Dodge automobile 4 door sedan, and on May 17, 1947, she obtained a policy of liability insurance on said car from the plaintiff. The car was stolen from the owner, and the defendants, Stanley H. Schwartz and his wife Lillian G. Schwartz (at the instance of the defendant David Rose), obtained possession of the stolen car in New York, and, while returning it to Missouri, suffered an accident for which they blamed the defendant, David Rose.

After the accident the insured Bell Rose, deceased, and suit was brought against the defendant, David Rose. It is alleged in the complaint that David Rose asserted concerning said suit that it was the duty of the plaintiff to defend him in such litigation and in other ways to assume the identical position or status as if the suit had been instituted against the insured, Bell Rose.

The plaintiff denies any obligations or liability under the policy to David Rose and because of the controversy with him it has brought this suit for a declaratory judgment. While it is contended by the plaintiff that the said defendant, David Rose, was insistent upon plaintiff's liability to him, yet the plaintiff further asserts that under the terms of the policy no liability in fact accrued in favor of said defendant, David Rose.

In the brief submitted by counsel for the said David Rose it is contended that the terms of the policy are broad enough to extend a measure of protection to David Rose and that it is the duty of the plaintiff to undertake specified duties with respect to the defense of the litigation instituted in a state court.

1. The foregoing statement is sufficient to show that a claim is actually stated by the complaint. Under the authorities a complaint must be favorably construed. Clyde v. Brodenick, 10 Cir., 144 F.2d 348. And if the facts alleged are sufficient to show that the plaintiff is entitled to any kind of relief then such complaint is sufficient. Keiser v. Walsh, 73 App.D.C. 167, 118 F.2d, 13. In this case the petition or complaint contains averments that there is no liability under the policy in favor of the said David Rose but that nevertheless the said David Rose asserts a liability to him under the policy. This constitutes a sufficient "actual controversy" to entitle plaintiff to ask for a declaratory judgment.

2. It should be noted from the contentions of the several parties that whereas the plaintiff disclaims liability on the policy yet the defendant, David Rose, is insistent upon the existence of such liability. Under such circumstances the petition should not be dismissed.

3. Under Rule 8(a) (1), Federal Rules of Civil Procedure, it is the duty of a complainant to incorporate in his complaint "a short and plain statement of the grounds upon which the court's jurisdiction depends * * *." The complainant has not done this in this case. There is a formal averment that it, the plaintiff, is a resident of the State of Iowa and all of the defendants are residents of the State of Missouri. This is a sufficient statement of a diversity of citizenship, but there is no averment that the amount in controversy is within the jurisdiction of the court. An examination of the complaint shows that such an averment would be justified, but it was not made.

Accordingly, while the motion to dismiss will be overruled, counsel for plaintiff should at once amend the complaint so as to conform to the Rule.