498

**GILBERT et al. v. CLARK et al.**
Civ. A. No. 51–751.

United States District Court
D. Massachusetts.
April 7, 1952.

John J. Walsh, Jr., Boston, Mass., Edward A. McLaughlin and Joshua J. Nasaw, New York City, for plaintiff.

Withington, Cross, Park & McCann and Edward C. Park, Boston, Mass., for J. Dudley Clark, Dudley L. Millikin, Edward C. Park, Ex., and Fiscal Agent, Inc.

Francis T. Leahy, Boston, Mass., for defendant Frank A. Hernberg.

LaRue Brown and Brown, Field & McCarthy, Boston, Mass., for defendant Walter D. Carr.

Francis G. Goodale and Hill, Barlow, Goodale & Wiswall, Boston, Mass., for defendants A. W. Smith & Co., Inc., and A. W. Smith.

McCARTHY, District Judge.

This is an action sounding in tort for deceit by three named plaintiffs "on behalf of themselves and others similarly situated who desire to join herein and share the cost thereof" against a number of defendants, who allegedly induced the plaintiffs and others to make investments by means of misrepresentations to the damage of each of the plaintiffs.

There are before the Court for consideration motions filed by all of the defend-

ants except one, which may be described generally as: (1) motions to dismiss the complaint for failure to state a claim on which relief may be granted; (2) motions to dismiss for improper joinder of parties plaintiff; (3) motions to dismiss for failure to state with particularity the circumstances constituting alleged fraud; (4) motions to dismiss for lack of the requisite amount in controversy; (5) motions to strike, directed primarily to allegations in the complaint intended to show that the suit is a class action; (6) motions to dismiss for misjoinder of parties defendant; (7) motions for a more definite statement; and (8) motions that the plaintiffs be ordered to furnish security for costs.

■ To dispose of each of the motions in turn is unnecessary. Unless the allegations of the complaint bring the action within the purview of subparagraph (3) of Rule 23(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., the plaintiffs may not maintain this action as a class action. The pertinent portions of the Rule provide: " * * * If persons constituting a class are so numerous as to make it impracticable to bring them all before the court, such of them, one or more, as will fairly insure the adequate representation of all may, on behalf of all, sue or be sued, when the character of the right sought to be enforced for or against the class is * * * (3) several, and there is a common question of law or fact affecting the several rights and a common relief is sought." The complaint alleges in Paragraph 10 that "Said sales were made to plaintiffs and said others under alleged 'deals', different in time and name", although " * * * said 'deals' were similar in pattern." The representations must have differed, since they were made with respect to different "deals" at different times and presumably by different persons. Moreover, reliance on the representations which induced each plaintiff to purchase or invest, is the subject of separate proof. Thus, while there are similar questions of law and fact affecting the several rights of the plaintiffs there is not a common question, as required by the Rule. This cannot be maintained as a spurious class action. Speed v. Transamerica Corporation, D.C., 5 F.R.D. 56.

■■ The objection urged by many of the defendants of the plaintiffs' failure to state the circumstances constituting alleged fraud with particularity, as required by Rule 9(b), is also well taken. If there were but one defendant here, it may well be that the allegations would suffice to meet the requirements of Rule 9(b), since it is to be read with Rule 8 which calls for brevity in the pleadings. Each defendant, however, is entitled to be apprised of the circumstances constituting the alleged fraud with which he is charged and by whom he is being charged. The plaintiffs did not satisfy this test.

■ Each plaintiff here has a separate and distinct cause of action. As the complaint stands, it is not clear that each individual claim equals or exceeds $3,000. Since jurisdiction depends upon diversity of citizenship, this requirement must be met.

■ Leave is granted to submit an amended complaint within thirty days. The plaintiffs may be able to state claims complying with Rules 8 and 9(b) alleging diversity and the requisite amount in controversy as to each plaintiff, and proceed under Rule 20(a) which provides for permissive joinder.

The motions that the plaintiffs be ordered to furnish security for costs are denied.