**Claude REEVES, Appellant,**

v.

**YALE TRANSPORT CORPORATION,**
**a Corporation, Appellee.**

**No. 1897.**

Municipal Court of Appeals for the District of Columbia.

Argued Nov. 26, 1956.

Decided Jan. 24, 1957.

Charles B. Sullivan, Jr., and James F. Bird, Washington, D.C., for appellant.

William J. Donnelly, Jr., Washington, D.C., with whom Richard W. Galiher and William E. Stewart, Jr., Washington, D.C., were on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellant filed a complaint containing five counts. The first four counts charged appellee with four separate assaults and batteries, and the fifth count charged appellee with slander. Each count claimed damages of $3,000, a total of $15,000. At pretrial the complaint was dismissed on the ground it sought damages in excess of the jurisdictional limitation of the trial court.

The trial court's jurisdiction of civil actions for damages is limited to actions in which the "damages claimed * * * does not exceed the sum of $3,000." Code 1951, 11–755. Recognizing this limitation appellant points out that the trial court's Rule 18 permits him to join in his complaint as many claims as he has against appellee, and he argues that although the aggregate of his claims exceeds the jurisdictional limitation of the court, each claim must be considered a separate claim and that the trial court has jurisdic-

tion so long as none of the single claims seeks more than the jurisdictional limitation.

By joinder of his claims in one complaint, appellant sought in a single action to recover an amount in excess of $3,000.

Procedural rules relating to joinder of claims cannot be used to enlarge the trial court's statutory jurisdiction.[1] The action was properly dismissed for lack of jurisdiction.

Affirmed.

[1] In the federal courts it has been held: "The jurisdictional amount is the sum of all the claims which are properly joined." Gray v. Blight, 10 Cir., 112 F.2d 696, 700, certiorari denied 311 U.S. 704, 61 S.Ct. 170, 85 L.Ed. 457. See also Equitable Life Assur. Soc. of United States v. Wert, 8 Cir., 102 F.2d 10. Compare those cases with the following "Tucker Act" cases: Louisville & N. R. Co. v. United States, D.C.Ky., 106 F.Supp. 999, affirmed, 6 Cir., 221 F.2d 698; Oliver v. United States, 9 Cir., 149 F.2d 727; Sutcliffe Storage & Warehouse Co. v. United States, 1 Cir., 162 F.2d 849.