**Harry RUBINSTEIN, Louis Rubinstein, and Clara Rubinstein, Appellants,**

v.

**Dr. Harold LICHTENSTEIN and Dr. David Leise, Appellees.**

No. 2023.

Municipal Court of Appeals for the District of Columbia.

Argued Aug. 12, 1957.

Decided Dec. 30, 1957.

---

Before ROVER, Chief Judge, HOOD, Associate Judge, and CAYTON (Chief Judge, Retired) sitting by designation under Code, § 11–776(b).

ROVER, Chief Judge.

The proper measure of damages for breach of a covenant in a rental agreement is in issue in this controversy.

Certain premises located in the southeast section of the city were leased by appellants to the appellees for the purpose of operating a drug store. In consideration for signing the lease, appellants agreed by covenant to provide the store with air conditioning. Appellees instituted this suit alleging a breach of the covenant, and to support the allegation evidence was offered to show that the air-conditioning system was inadequate to meet the needs of the building. Testimony established that drugs and merchandise melted, and the use of fans was necessary to compensate for the ineffectiveness of the cooling unit. No countervailing evidence was offered by appellants.

At the conclusion of the case, the jury was instructed that if it found for the appellees, the measure of damages was the difference between the rental value of the premises in their actual condition and the rental value of the building in its promised condition. A verdict was awarded appellees, and appellants contest both the sufficiency of the evidence and the correctness of the instruction in this appeal.

Whether the air-conditioning system was so inefficient as to constitute a breach of the covenant was a question of fact, and we think the evidence was sufficient to warrant a jury determination. As to the propriety of the instruction, the difference between the rental value of the premises in the condition as contracted for and the rental value of the premises in their actual condition has frequently been applied as a measure of damages in instances of a landlord's breach of a cove-

Mark P. Friedlander, Washington, D. C., for appellants.

Herman Miller, Washington, D. C., with whom Bernard P. Platshon, Washington, D. C., was on the brief, for appellees.

nant.[1] This is particularly true where, as here, other standards for measuring damages would be purely speculative and conjectural. In the present case, the expert testimony of a realtor as to the market value of the premises with and without air conditioning furnished the jury guidance in its task of ascertaining damages.

 One other point remains. The court permitted appellees to amend the complaint orally for the purpose of including relief up to the time of trial. The ad damnum clause of a complaint forms no part of the claim or cause of action, and amendments relating to the nature and extent of relief are discretionary with the trial judge.[2] We see no abuse of discretion in the court's ruling.

Affirmed.

---

1. Cf. A & S Products Corporation v. Parker, 334 Mass. 189, 134 N.E.2d 449; Brewington v. Loughran, 183 N.C. 558, 112 S.E. 257, 28 A.L.R. 1543 (covenant to provide water or heat); Daniels v. Cohen, 249 Mass. 362, 144 N.E. 237; Geo. Benz & Sons v. Hassie, 208 Minn. 118, 293 N.W. 133 (covenant to repair or replace); Noble v. Tweedy, 90 Cal. App.2d 738, 203 P.2d 778; Ingalls v. Beall, 68 Wash. 247, 122 P. 1063 (covenant to build); Carusos v. Briarcliff, Inc., 76 Ga.App. 346, 45 S.E.2d 802 (covenant against renting to business competitor); Kellogg v. Malick, 125 Wis. 239, 103 N.W. 1116 (covenant as to condition of property).

2. 1 Barron and Holtzoff, Federal Practice and Procedure § 454 (1950).