James Z. BECK, Appellant,

v.

Pat TROIANO, Appellee.

No. 2070.

Municipal Court of Appeals for the District of Columbia.

Submitted Oct. 28, 1957.

Decided Jan. 24, 1958.

Rehearing Denied Feb. 4, 1958.

2. Code 1951, § 11–772.

Mark P. Friedlander and Jack Politz, Washington, D. C., for appellant.

Joseph H. Schneider, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

This appeal is from a judgment for $2,500, representing five months' rent of certain commercial property. The property was rented for a term of eleven months at a rental of $500 a month. The term expired January 31, 1956. In the previous December the tenant closed his business and apparently removed from the premises all his property except certain plumbing and trade fixtures. The plumbing fixtures were not removed until April 1956 and the trade fixtures remained on the premises until early in May 1956 when they were sold at public auction. No rent was paid for any period after December 1 and this action sought six months' rent for the period from December 1, 1955, to May 31, 1956. The trial court allowed a recovery for five months' rent.

It was the tenant's contention that he surrendered and the landlord accepted possession in December 1955. The trial court resolved this disputed issue of fact against the tenant, and found that the tenant by failing to remove the fixtures had retained control of the premises until the sale in May 1956. Whether the failure to remove these fixtures, which are not described in detail in the record, constituted a holding over by the tenant, was a question of fact. The law on the subject is well stated in 51 C.J.S. Landlord and Tenant § 75, where it is said:

> "Leaving property on the premises may, but does not always, constitute a holding over, and whether the leaving of property or a part of it on the premises by the tenant does or does not constitute a holding over is usually a question of fact to be determined in the light of all the surrounding circumstances. A holding over does not result from the leaving of property which is practically worthless or which is left merely for the convenience of the incoming tenant, nor does it result from the leaving of a small amount of the property on the premises without any intention of retaining or enjoying possession of the premises."

The tenant, however, argues that because the landlord obtained a judgment for possession on February 10, 1956, the tenancy terminated on that date. Reliance is placed on our decision in Ryon v. Ortiz, D.C.Mun.App., 131 A.2d 925. There we held that when a landlord sued for possession and in compliance therewith the tenant vacated, the tenancy terminated. That case has no application here, because despite the suit and judgment the tenant did not vacate.

Another error assigned relates to an alleged rescission of a contract for the purchase of the leased premises. Whether there was a rescission was a factual question and the trial court resolved it against the tenant's contention.

Finally, the tenant argues that the action as brought claimed an amount in excess of $3,000 and was therefore beyond the trial court's jurisdiction.[1] The complaint was in three counts: the first claimed rent of $3,000, the second claimed damages for waste of $780, and the third made the same claim for waste against a third party. The question of the court's jurisdiction was

1. Code 1951, § 11–755(a).

not raised until the trial was under way. When the question was raised, the landlord dismissed with prejudice the second and third counts. The trial then proceeded on the first count alone, which clearly was within the court's jurisdiction. In view of the ruling in Whelan v. Hirshon, 98 U.S. App.D.C. 82, 232 F.2d 339, we find no error.

Affirmed.