**Dorothy FOX, Appellant,**

**v.**

**SHANNON & LUCHS COMPANY OF WASHINGTON, Inc., Appellee.**

**No. 4058.**

District of Columbia Court of Appeals.

Argued Aug. 1, 1967.

Decided Dec. 12, 1967.

Carl P. Fogel, Washington, D. C., for appellant.

Harry L. Ryan, Jr., Washington, D. C., for appellee.

Before HOOD, Chief Judge, and MYERS and KELLY, Associate Judges.

MYERS, Associate Judge:

The single question presented by this appeal is whether the trial court properly

7.  126 U.S.App.D.C. at ——, 379 F.2d at 125, 126.

dismissed appellant's case at pretrial because the complaint, which was in four counts, sought damages totaling $23,000.

■■■ Appellant does not contest the fact that the complaint claimed damages in excess of the $10,000 jurisdictional limit of the District of Columbia Court of General Sessions,[1] but contends that when the case came on for pretrial, after the statute of limitations had run, the pretrial judge should have allowed her to amend her pleading *nunc pro tunc* so as to confer jurisdiction upon the court. She makes this argument despite the fact that answer to her complaint set out the court's lack of jurisdiction as a separate defense. Appellant cites no authority to support her contention and refers only to GS Rules 15 and 16 of the trial court which allow liberal amendment of pleadings where the court has jurisdiction over the subject matter. Where the court has no such jurisdiction, the rules are inapplicable.

The instant suit arose out of a contract for the purchase of a house by appellant. The first count of the complaint alleged damages of $6,500 for appellee's breach of contract in conveying a house with a defective roof; the second count demanded an additional $6,500 for breach of warranty[2] respecting the satisfactory condition of the roof; the third count, charging fraud and misrepresentation, carried no *ad damnum* clause; and the fourth count asked $10,000 for damages to plumbing and furnishings due to appellee's failure to heat the house during the cold weather.

In Reeves v. Yale Transport Corp., D.C. Mun.App. 128 A.2d 792 (1957), we dismissed a complaint alleging four separate assaults and a slander because the total damages sought exceeded the trial court's jurisdictional limit, although no single count demanded more than the permissible limit.[3] All four counts in the present case arose out of a single contract, and there can be no doubt that the counts were properly included in a single action. LeJohn Mfg. Co. v. Webb, D.C.Mun.App., 91 A.2d 332 (1952). Since the total amount sought exceeded the court's jurisdictional limit, the case was properly dismissed on that ground.[4]

Affirmed.

HOOD, Chief Judge (concurring):

I concur but I admit that Christensson v. Hogdal, 91 U.S.App.D.C. 251, 199 F.2d 402 (1952), relied upon in the dissent, troubles me. It troubles me because its holding is not entirely clear to me. I believe *Christensson* is distinguishable on the ground that the District Court had jurisdiction of the subject matter but because of a defect of parties lacked jurisdiction to award the relief sought. Such appears to have been the situation in Conolly v. Taylor, 2 Pet. 556, 7 L.Ed. 518 (1829), relied on in *Christensson*. Thus, those cases, in the language of *Christensson*, dealt with "technical defects in jurisdiction."

In the present case we deal with a complete lack of jurisdiction and I understand the rule to be that where a court lacks jurisdiction of a case, its only power over the

1. § 11–961 D.C.Code (1967 ed.).

2. Even if we assume that the first two counts are actually alternative theories of recovery for the same injury, when coupled with the fourth count, the amount claimed is still in excess of $10,-000.

3. In the Federal courts it has been held: "The jurisdictional amount is the sum of all the claims which are properly joined." Gray v. Blight, 112 F.2d 696, 700 (10th

Cir.), cert. denied, 311 U.S. 704, 61 S.Ct. 170, 85 L.Ed. 457 (1940). See also Equitable Life Assur. Soc. of the United States v. Wert, 102 F.2d 10 (8th Cir. 1939).

4. It is regrettable that the effect of our ruling deprives appellant of a hearing on the merits of her claims. However, we note that she had ample time to file a new complaint in a court of proper jurisdiction before the statute of limitations barred a suit. This was not done.

case is to dismiss for lack of jurisdiction. It has no power to permit an amendment. "An amendment presupposes jurisdiction of the case." Hodge v. Williams, 22 How. 87, 88, 16 L.Ed. 237 (1859). And so it is that a "court has no power to allow an amendment conferring jurisdiction, since that in itself would be an exercise of jurisdiction." Willing v. Provident Trust Co., 21 F.Supp. 237, 238 (D.C.E.D.Pa.1937). The trial court is one of limited jurisdiction. When a complaint is filed claiming in excess of the court's jurisdiction, no jurisdiction attaches. "No subsequent amendment will confer what has never been acquired." Byrne v. Padden, 248 N.Y. 243, 247, 162 N.E. 20, 21 (1928).

KELLY, Associate Judge (dissenting):

I would first make it clear that I do not condone the filing of such a prolix and ambiguous complaint or the failure to correct an obvious defect when jurisdiction was questioned in the answer. Nor do I understand appellant's failure, noted in the majority opinion, to cite one case in support of her position. On the merits, I think it clear that the trial court had jurisdiction of the subject matter of plaintiff's complaint but recognize that it could not grant the full relief sought in the complaint against defendant Shannon & Luchs Company of Washington, Inc. The question is whether, at pretrial, a trial judge may exercise his discretion to allow or deny an amendment to the pleadings under GS Rule 15 when a motion to dismiss for lack of jurisdiction is pending before him based upon the fact that the monetary jurisdiction of the court is exceeded on the face of the complaint.[1]

There is in this case an analogy to Christensson v. Hogdal, 91 U.S.App.D.C. 251, 199 F.2d 402 (1952), a patent interference case where jurisdiction was predicated upon a statute which allows a suit to establish the validity of a patent or priority of an invention against an adverse party residing in a foreign country if in that suit no other remedy is sought. In addition to the remedies allowed by statute, plaintiff's complaint, in prayers 3 and 4, asked to have defendant's like invention declared void. A motion to dismiss for lack of jurisdiction on the ground that the complaint sought a remedy other than that allowed by statute was granted, and plaintiff's ensuing request for leave to amend the complaint by striking out prayers 3 and 4 to bring it within the jurisdiction of the court was denied. The trial court held that inasmuch as it was totally lacking in jurisdiction, it was without power to permit an amendment to the complaint. In reversing, the appellate court stated:[2]

"Technical defects in jurisdiction have long been subject to correction in the course of judicial proceedings. See Conolly v. Taylor, 1829, 2 Pet. 556, 564, 27 U.S. 556, 564, 7 L.Ed. 518 (per Marshall, C. J.). The modern rule is liberal in permitting the amendment of pleadings to show that the court has jurisdiction. See 3 Moore's Federal Practice 836–38 (2d Ed. 1948). The same is true of amendments which work a change in the relief prayed, at least where the scope of relief is diminished and where the defendant suffers no prejudice. U. S. Casualty Co. v. District of Columbia, 1939, 71 App.D.C. 92, 103–104, 107 F.2d 652, 663–664."

To the claim that the motion came too late because the statute of limitations had run the court said:[3]

"An amendment of the nature sought here, which would cut down rather than expand the claims for relief set forth by the plaintiff, is certainly entitled to the

---

1. While the damages sought in the four counts totalled $23,000, the complaint also states that the amount in controversy does not exceed $10,000 and plaintiff's pretrial statement alleges special damages of only $6,500.

2. 91 U.S.App.D.C. at 254, 199 F.2d at 406.

3. 91 U.S.App.D.C. at 254, 199 F.2d at 406. The pertinent part of GS Rule 15(c) is identical to F.R.Civ.P. 15(c).

benefit of Rule 15(c) if any type of amendment is."

I see no reason why the rationale of *Christensson* should not apply to a case in which lack of jurisdiction is based upon a stated excess of claimed damages.[4] This is obviously not the situation which confronted us in Reeves v. Yale Transport Corp., D.C.Mun.App., 128 A.2d 792 (1957). Appellant here makes no argument that her complaint is within the jurisdiction of the court because each count, considered separately, is within that jurisdiction. Instead, she acknowledges that her claimed damages exceed the court's jurisdiction and asks leave to amend, a matter normally within the sound discretion of the trial court.

In Beck v. Troiano, D.C.Mun.App., 138 A.2d 492 (1958), we upheld a dismissal at trial of two counts of a complaint, after the jurisdictional question was raised, in order to bring the aggregate amount claimed within jurisdictional limits. Implicit in this holding is a recognition that in such situations the trial court is not powerless to grant relief. The discretion of the trial court to allow amendment to the complaint is no different from its discretion to allow dismissal of one or more counts of a complaint where the monetary jurisdiction of the court has been exceeded. Neither can be exercised unless some power remains in the trial court to permit it to act. Under somewhat different circumstances amendments to allege the requisite jurisdictional amount in controversy have been allowed,[5]

as have amendments relating to the nature and extent of the relief prayed for in the complaint.[6] As a matter of further analogy, it has also been held that a court has the power to transfer cases over which it has no jurisdiction.[7] I would reverse.

---

4. See Fern v. United States, 213 F.2d 674 (9th Cir. 1954).

5. E. g., Black & Yates v. Mahogany Ass'n, 129 F.2d 227, 236–237 (3rd Cir.), cert. denied, 317 U.S. 672, 63 S.Ct. 76, 87 L.Ed. 539 (1942); Atwood v. Nat'l Bank of Lima, 115 F.2d 861, 863 (6th Cir. 1940); Gilbert v. Clark, 13 F.R.D. 498 (D.Mass.1952); Hawkeye Cas. Co. v. Rose, 8 F.R.D. 586, 587 (W.D.Mo.1948); Moreschi v. Mosteller, 28 F.Supp. 613, 617 (W.D.Pa.1939).

6. E. g., Martarese v. Moore-McCormack Lines, Inc., 158 F.2d 631 (2d Cir. 1946);

Western Surety Co. v. United States, 100 F.2d 88 (9th Cir. 1938); Nolan v. Columbia Broadcasting System, Inc., 11 F.R.D. 194 (S.D.N.Y.1951); Rubinstein v. Lichtenstein, D.C.Mun.App., 137 A.2d 219 (1957); Civil 1A, Barron and Holtzoff, Federal Practice and Procedure, § 454 (Rules ed. 1960).

7. Wagner v. Wagner, 110 U.S.App.D.C. 345, 293 F.2d 533 (1961); Harris v. Harris, 106 U.S.App.D.C. 282, 272 F.2d 511 (1959).